# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CARLOS IVY**                                                                 **PLAINTIFF**

**v.**                                                                 **No.  3:06CV112-P-A**

**NEW ALBANY CITY POLICE DEPT., ET AL.**                               **DEFENDANTS**

## MEMORANDUM OPINION

The court takes up, *sua sponte,* the dismissal of the *pro se* prisoner complaint of Carlos Ivy (# R9225), who challenges the conditions of his confinement under 42 U.S.C. § 1983.  The plaintiff alleges that personnel at the Union County Detention Center placed him on suicide watch without justification, leaving him naked in an isolation cell.  When the plaintiff met with his probation officer in the jail, the plaintiff asked, "Do you see how they are treating me?"  A corrections officer then grabbed the plaintiff by the back of the neck, and in the ensuing struggle the corrections officer and a trusty pushed the plaintiff into his cell.  After the struggle, a sheriff's deputy and a city police officer entered the cell brandishing a taser gun and ordered the plaintiff to lie on the floor until he could be restrained.  The plaintiff remained on suicide watch for five days without a mattress or recreation.

### Classification

The plaintiff in this case complains that he was housed for five days as a suicidal inmate. The plaintiff thus challenges his classification.  Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law.  *Hewitt v. Helms*, 450 U.S. 460, 468 (1983);

Dockets.Justia.com

*Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. § § 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff has not alleged any injuries or extreme conditions or circumstances during his five-day placement on suicide watch. As such, his claim regarding classification shall be dismissed for failure to state a claim upon which relief could be granted.

### Physical Injury Required to Recover Compensatory Damages

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The plaintiff has not alleged that he was physically injured during his placement on suicide watch or during the scuffle with law enforcement personnel. As such, the plaintiff may not recover damages in this case, and all of his claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of October, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE